Per Curiam.

It is petitioner’s contention that the imposition of the 60-day jail sentence was in place of the penitentiary sentence, and that he has served his time for the offenses to which he pleaded guilty.
The crimes to which petitioner pleaded guilty are felonies, the penalties for which are defined by statute. Crimes are statutory, as are the penalties therefor, and the only sentence which a trial court may impose is that provided for by statute. A court has no power to substitute a different sentence for that provided for by statute or one that is either greater or lesser than that provided for by law. Section 5145.01, Revised Code.
However, the sentence of 60 days was for probation violation and was not a sentence on the indictments. Such 60-day sentence was void. The penalty for a probation violation is not the imposition of a separate sentence, it is a revocation of the probation and the imposition of the sentence on the judgment of conviction. There is no sentence, as such, for probation violation. Petitioner is not presently confined under this sentence. His present confinement arose as a result of a revocation of the probation and the imposition of the sentence under the judgment. The void sentence of 60 days for probation violation does not affect the validity of his present sentence or his present confinement.
Petitioner being presently restrained under valid sentence imposed after pleas of guilty is not entitled to his release.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.